[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13815
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-14015-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN GUY THOMAS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2010)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Guy Thomas, Jr. appeals his 210-month sentence for receipt and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2). On appeal, Thomas argues that his sentence is unreasonable because the district court

applied the Sentencing Guidelines as mandatory, rather than merely advisory, and because several factors in this case warranted a downward variance from the guideline range. After thorough review, we affirm.

We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not state on the record that it explicitly

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

considered each factor and need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient" under United States v. Booker, 543 U.S. 220 (2005). Id. When the district court imposes a within-guidelines sentence, it need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a). Id. at 1191. A sentence within the guidelines range is ordinarily expected to be reasonable. Talley, 431 F.3d at 788.

The weight accorded to the § 3553(a) factors is left to the district court's discretion, and we will not substitute our judgment in weighing the relevant factors. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). The fact that we might reasonably conclude that a different sentence is appropriate is not

3

sufficient to warrant reversal. United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotation and brackets omitted).

Thomas has failed to show that his 210-month sentence is procedurally or substantively unreasonable. At the sentencing hearing, the district court stated that it had considered the statutory factors, as well as the advisory guidelines, in determining Thomas's sentence. The district court also stated that "I legally could give him virtually nothing, but I think that would not be meeting my responsibility if I were to do that," acknowledging that the Sentencing Guidelines are not mandatory, but rather that the sentencing judge retains discretion to depart from the guidelines.

Moreover, although the district court here did not expressly state if or how many statutory factors were considered in his decision to sentence Thomas, the court did, however, acknowledge throughout the sentencing hearing that it had received and considered all evidence submitted by the defendant. The court also stated on the record that the mitigating evidence submitted by Thomas would result in a sentence towards the low end of the guideline range. Since Thomas presents

4

no additional arguments to explain how the low-end guideline sentence itself was unreasonable nor how the sentence does not meet our ordinary expectation of reasonableness, Thomas has not met his burden of establishing unreasonableness. Talley, 431 F.3d at 786, 788.

**AFFIRMED.**